UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

================================================================

DANIEL COTTON,

        Plaintiff,

v.                                   6:06 - CV - 0282 (NPM / GHL)

F. JEFF GILDERSLEEVE,

        Defendant.

================================================================

APPEARANCES                OF COUNSEL

For Plaintiff:

DANIEL COTTON              DANIEL COTTON, Pro Se
P.O. Box 545
Glen, NY 12072

For Defendant:

OFFICE OF THE U.S. ATTORNEY    WILLIAM F. LARKIN, ESQ.
100 S. Clinton Street
Syracuse, NY 13261-7198

NEAL P. McCURN, Senior U.S. District Court Judge

## MEMORANDUM - DECISION AND ORDER

      This pro se civil rights action was commenced by Plaintiff Daniel Cotton

("Cotton") against defendant F. Jeff Gildersleeve ("Gildersleeve"), seeking

damages for an alleged violation of Cotton's constitutional rights  pursuant to the

<u>Bivens</u> Doctrine.[1] The court has federal question jurisdiction over this matter pursuant to 42 U.S.C. § 1331.

Currently before the court is Gildersleeve's unopposed motion to dismiss Cotton's claim for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. Rule 12(b)(6) (Doc. No. 14), or in the alternative, the government argues that summary judgment must be granted because there is no genuine issue of material fact to be litigated, pursuant to Fed.R.Civ.P. Rule 56(c). For the reasons set forth below, the court will grant Gildersleeve's unopposed motion to dismiss.

## I.     FACTS

The following facts are taken from the amended complaint (Doc. No. 7) and are presumed true for the purpose of this motion.  On March 5, 2003, Gildersleeve led a team of D.E.A.[2] agents and local law enforcement officers to Cotton's place of residence, a church rectory in Gloversville, New York,  to search the premises. Persons in the residence at the time of the search were Cotton, his girlfriend, their

---

[1]     See <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  "In <u>Bivens</u>, the Supreme Court recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights." <u>Bergstrom v. Barnhart</u>, 2007 WL 838981 (N.D.N.Y. 2007) (citing <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61,66-67 (2001).

[2]     Drug Enforcement Administration, a component of the U.S. Department of Justice.

son, and the church rector.  Both the rector and Cotton were forced to their knees

at gunpoint. Cotton alleges that the rector repeatedly asked for a copy of the search

warrant and was refused.  Cotton was advised that he was under arrest for

manufacturing "meth."[3]  When the search ended, the rector again requested a copy

of the search warrant.  The warrant he was given failed to list what was being

searched for and did not contain a "bill of particulars," which Cotton's attorney

later told him was required for a valid search warrant.  The search warrant stated,

"see attachment," but no attachment was affixed to the document.

Cotton's girlfriend was advised that she was not under arrest, but she was

asked by the police to go to the Gloversville police station where she was arrested

for "endangerment of her child."  The charge was later dropped.

After searching the Gloversville residence, Gildersleeve and other law

enforcement officers proceeded to a location in the Town of Johnstown, New

York, to a house Cotton was refurbishing pursuant to a land lease to purchase.

The officers broke down the back door and conducted a search of those premises.

Cotton alleges that the search warrant left at that residence also failed to list what

was being searched for, and was also without the designated attachment, and/or

---

[3]        Methamphetamine, a highly addictive drug with potent central nervous system
stimulant properties.  See www.dea.gov/concern/meth.html (2007).

3

the required bill of particulars.

Plaintiff asserts that he relied on his attorney's advice that the search warrant was valid, and entered into a plea agreement which included false information, and required him to plead to activity that was in fact not illegal.[4] Cotton argues that he was never allowed to withdraw his guilty plea. Researching the issue while incarcerated, Cotton now believes that the search conducted by Gildersleeve at both residences was illegal.

Cotton asserts that as a direct result of the illegal search, he was not able to meet his obligations regarding his residence, and lost that residence, as well as the time and money spent in refurbishing it. Cotton also claims injury to his reputation, his inability to find work, several hospitalizations caused by mental and emotional anguish, severe family injuries, as well as incarceration and probation. Cotton asserts that said injuries were all a result of the illegal search.

## II.    DISCUSSION

### A.    Unopposed Motion

As a threshold matter, the local rules for the United States District Court, Northern District of New York, provide that "[w]here a properly filed motion is

---

[4]    Cotton asserts that he plead guilty to possession of red phosphorous with intent to manufacture methamphetamine. Cotton asserts that prior to sentencing, he discovered that it was not against the law for him to possess red phosphorous.

unopposed and the Court determines that the moving party has met its burden to

demonstrate entitlement to the relief requested therein, the non-moving party's

failure to file or serve any papers as this rule requires shall be deemed as consent

to the granting or denial of the motion, as the case may be, unless good cause is

shown." N.D.N.Y. Local Rule 7.1(b)(3). Because Gildersleeve has not filed a

motion requesting that the court dismiss for lack of prosecution, the court now sua

sponte decides this matter.

Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.")

allows a defense of "failure to state a claim upon which relief can be granted" to a

claim of relief in any proceeding. Similarly, Rule 56 (e)(2) states that "[w]hen a

motion for summary judgment is properly made and supported, an opposing party

may not rely merely on allegations or denials in its own pleading; rather, its

response must – by affidavits or as otherwise provided in this rule – set out

specific facts showing a genuine issue for trial. If the opposing party does not so

respond, summary judgment should, if appropriate, be entered against that party."

Fed.R.Civ.P. Rule 56 (e)(2) (West 2007). However, "[i]f the evidence submitted in

support of the summary judgment motion does not meet the movant's burden of

proof, then summary judgment must be denied even if no opposing evidentiary

matter is presented." Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373

5

F.3d 241, 244 (2d Cir. 2004).

Consequently, the court is required to analyze the papers and to determine that the moving party, in this instance Gildersleeve, has met his burden to demonstrate entitlement to a motion to dismiss, or in the alternative, summary judgment in his favor.

### A.   <u>Bivens</u> Actions and 42 U.S.C.A. § 1983, Generally

A <u>Bivens</u> action differs from a § 1983 action in that the person alleged to have violated the citizen's constitutional rights is a federal actor rather than a state actor.[5]   In order to prevail on a claim under 42 U.S.C.A. § 1983, a plaintiff must establish the violation of a right secured by the Constitution and laws of the United States, and that the violation was committed by a person acting under color of state law.  Section 1983 states in pertinent part that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be

---

[5]     Here, it is undisputed that Gildersleeve was acting under the color of federal law.

granted unless a declaratory decree was violated or declaratory relief was unavailable....

42 U.S.C.A. § 1983 (West 2007).

This court has previously opined that "Bivens actions, although not precisely parallel, are the analog to actions pursuant to 42 U.S.C. § 1983 against state actors, and the constitutional standard of review is the same for either type of action." Bergstrom v. Barnhart, 2007 WL 838981 at * 2 (N.D.N.Y. 2007) (citing Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995).   In Tavarez, the Second Circuit explained that Bivens "requires a plaintiff to allege that a defendant acted under color of federal law to deprive plaintiff of a constitutional right" ... and while federal courts typically analogize the Bivens claims to claims under § 1983, "there is no claim under 42 U.S.C. § 1983 for false arrest, false imprisonment or malicious prosecution if plaintiff was convicted of the arrest for which he was arrested." Tavarez, 54 F.3d at 110.  Similarly, a Bivens action is the only way to remedy a Fourth Amendment violation if the plaintiff has been arrested and convicted.  In addition, the only remedy for the plaintiff in a Bivens action is an award for monetary damages from defendants in their individual capacities.

Of greatest bearing on the case at bar is the Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), where the Court held that "in order to

7

recover from damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's writ of habeas corpus, 28 U.S.C. § 2254." Id.  The Second Circuit in Tavarez held that Heck applies to Bivens claims. Tavarez, 54 F.3d at 110.  In the case at bar, Cotton was arrested, convicted, and he subsequently served his sentence.

### B.    Motion to Dismiss

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the court must accept as true the well pleaded allegations of the complaint. Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807 (1994).  In addition, the allegations of the complaint should be construed favorably to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct 1683 (1973).  "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the

8

plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1969 n.8 (May 21, 2007).[6]  To meet the standard of adequacy, the complaint should contain "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.  The Second Circuit interprets Bell Atlantic not as requiring "a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).

## C.    Motion for Summary Judgment

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  See also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552

---

[6]    **In Bell Atlantic Corp., supra, the Supreme Court abrogated the long standing language in Conley v. Gibson, which articulated that "a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. 41, 45-46 (1957). "Bell Atlantic asserted that this 'no set of facts' language 'has earned its retirement' and is 'best forgotten.'" Iqbal v. Hasty, 490 F.3d 143, 155 (2d Cir. 2007).**

(1986); <u>Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.</u>, 391 F.3d 77, 82 (2d Cir. 2004). "[I]n assessing the record to determine whether there is a genuine issue as to a material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought[.]" <u>See Security Ins.</u>, 391 F.3d at 83, <u>citing</u> <u>Anderson V. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." <u>Bryant v. Maffucci</u>, 923 F.2d 979, 982 (2d Cir.), <u>citing</u> <u>Anderson</u>, 477 U.S. at 250-51.

While the initial burden of demonstrating the absence of a genuine issue of material fact falls upon the moving party, once that burden is met, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." <u>Koch v. Town of Brattleboro, Vermont</u>, 287 F.3d 162, 165 (2d Cir. 2002). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp.</u>, 477 U.S. at 322.

In the case at bar, even construing the complaint in the light most favorable to Cotton, the court has thoroughly reviewed Gildersleeve's motion and the

attachments thereto, and determined that Gildersleeve has met his burden of proof that Cotton is unable to state a claim to relief that is plausible on its face.  In addition, the court also finds that in the alternative, Gildersleeve is also entitled to qualified immunity, based on the doctrine that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The court need not decide the issue of summary judgment but would, in fact, be hard pressed, based on Gildersleeve's moving papers, to find a genuine issue as to any material fact in this case that would preclude a finding of summary judgment in Gildersleeve's favor.

## III.    CONCLUSION

Accordingly, for the reasons set forth supra, the defendant Gildersleeve's unopposed motion to dismiss (Doc. No. 14) is hereby GRANTED.  The clerk is ordered to close this case.

SO ORDERED.
December 21, 2007
Syracuse, New York

_____
Neal P. McCurn
Senior  U.S. District Judge

11